UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH FURGUSON,

Plaintiff/Counterclaim-Defendant,

v.

Case No. 22-cv-12772

METLIFE INVESTORS USA INSURANCE COMPANY a/k/a BRIGHTHOUSE LIFE INSURANCE COMPANY,

Honorable Linda V. Parker

Defendant/Counterclaim-Plaintiff.

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND HER ANSWER (ECF NO. 14) AND COMPEL A RULE 30(b)(6) DEPOSITION (ECF NO. 24) AND GRANTING DEFENDANT'S MOTION TO AMEND THE COURT'S SCHEDULING ORDER (ECF NO. 19)**

These matters are before the Court on the parties' three discovery motions: (1) Plaintiff Elizabeth Ferguson's Motion to Amend/Correct her Answer to Defendant Metlife Investors USA Insurance Company a/k/a Brighthouse Life Insurance Company's Counterclaim (ECF No. 14); (2) Defendant's Motion to Amend the Scheduling Order to Extend the Dispositive Motion Cutoff Date (ECF No. 19); and (3) Plaintiff's Motion to Compel a Rule 30(b)(6) Deposition (ECF No. 24). The matters are fully briefed. (*See* ECF Nos. 14, 18, 23–28.) For the reasons that follow Plaintiff's motions (ECF Nos. 14 and 24) are denied and Defendant's motion (ECF No. 19) is granted.

## I. Introduction

This is a recission action arising from the non-payment of benefits pursuant to a life insurance policy issued by Defendant to Plaintiff's daughter Ewanda Ferguson (the "Insured") under Policy No. 211222975US (the "Policy"), for which Plaintiff was the beneficiary. (*See* ECF No. 14 at PageID. 193.)

The policy was issued on September 23, 2011. (*See* ECF No. 24 at PageID. 293.) Defendant claims the Policy lapsed in September 2019, due to missed premium payments. (*See* ECF No. 18 at PageID. 211.) In January 2020, the Insured filed an application seeking to have the Policy reinstated.[1] Question 10 of the reinstatement application asked the following: In the last 10 years have you had your driver's license suspended or revoked due to driving violations, or been convicted of DUI/DWI? (*See* ECF No. 9-5 at PageID. 105.) To which, the Insured answered "No." (*Id.*)

---

[1] The Policy's reinstatement provision reads, in relevant part, as follows:

> If the Policy lapses because a premium is unpaid at the end of its grace period the Policy and riders can be reinstated if the insured is living. We will reinstate your Policy if you:
>
> - Apply for reinstatement within 3 years of the due date of the premium in default; and
> - Provide evidence of insurability satisfactory to the Company; and
> - Pay, while the Insured is living, each unpaid premium, plus interest at the rate of 6% per year compounded yearly.

(ECF No. 9-3 at PageID. 80.)

On May 28, 2020, while the reinstatement application was pending, the Insured was involved in a fatal car accident. (*See* ECF No. 14 at PageID. 193.) After her death, Defendant agreed to reinstate the Policy and commenced an investigation within the two-year contestability period.[2] (*See* ECF No. 24-1 at PageID. 293.) The investigation found that the Insured had the following two motor vehicle convictions: (1) October 17, 2018 – Operating While Impaired by Liquor; and (2) January 31, 2019 – Operating While Intoxicated. (*See* ECF No. 24-1 at PageID. 293-94.) The investigation also found that the Insured's driver's license was revoked on February 20, 2019. (*See id.* at PageID. 294.)

After this investigation, Defendant maintained that the Insured's answer to Question 10 on the reinstatement application regarding her driving history was inaccurate and amounted to a "material misrepresentation." (*Id.*) Defendant argues that had the application been answered accurately, "the reinstatement application would have been declined." (*Id.*) As a result, Defendant treated the Policy as void from the date of reinstatement and refunded all premiums paid since the reinstatement of the Policy, with interest. (*See id.*)

[2] The Policy's contestability period reads, in relevant part, as follows: "The Insurance under this Policy will not be contestable after it has been in force during the life of the Insured for two years from the Date of Issue, except for nonpayment of premiums." (ECF No. 9-3 at 78.)

On October 24, 2022, Plaintiff filed this one-count breach of contract action in Michigan State Court. (ECF No. 1-1.) On November 15, 2022, Defendant removed to this Court pursuant to 28 U.S.C. § 1332(a). (ECF No. 1.) On January 19, 2023, Defendant filed a one-count counterclaim for declaratory relief seeking confirmation of recission of the Policy based upon material representations. (ECF No. 9.)

Presently before the Court are the parties three discovery motions: (1) Plaintiff's motion to amend her answer to Defendant's counterclaim; (2) Defendant's motion to amend the scheduling order to extend the cutoff for dispositive motions; and (3) Plaintiff's motion to compel a Rule 30(b)(6) deposition. The Court will address each in turn.

## II. Legal Standard and Analysis

*a. <u>Plaintiff's Motion to Amend Her Answer to Defendant's Counterclaim</u>*

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend should be "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend should be denied if the amendment is brought in bad faith or for dilatory

purposes, results in undue delay or prejudice to the opposing party or would be futile. *See id.*; *see also Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (citations omitted) (finding that these same factors apply to a motion to amend an answer under Rule 15(a)).

An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

*i.* *Reformation*

Plaintiff seeks leave to amend her Answer to Defendant's Counterclaim to add the affirmative defense of reformation. (*See* ECF No. 14 at PageID. 195.) Specifically, she seeks to add the following language:

> To the extent that this Honorable Court exercises its equitable powers to fashion an appropriate remedy in this case, it should reform the policy to reduce the death benefit in an amount that is fair to all innocent parties without requiring a specific innocent party to bear the entire burden of the insured's alleged fraud.

(*Id.*)

Defendant argues that this proposed amendment is futile. (*See* ECF No. 18 at PageID. 213.) Specifically, Defendant argues that the affirmative defense of reformation requires proof, by clear and convincing evidence, of fraud or mistake.

(*See id.*) Moreover, Defendant argues that Plaintiff has not alleged fraud by Defendant or mistake by the Insured. (*See id.* at PageID. 214.)

"The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties. To this rule all others are subordinate." *McIntosh v. Groomes*, 227 Mich. 215, 218, 198 N.W. 954 (1924). "An insurance policy is much the same as any other contract." *Auto–Owners Ins. Co. v. Churchman*, 440 Mich. 560, 566, 489 N.W.2d 431 (1992).

"Courts will reform an instrument to reflect the parties' actual intent where there is clear evidence that both parties reached an agreement, but as the result of mutual mistake, or mistake on one side and fraud on the other, the instrument does not express the true intent of the parties." *Mate v. Wolverine Mut. Ins. Co.*, 592 N.W.2d 379, 384, 233 Mich. App. 14, 24 (Mich. App. 1998) (citation & quotation omitted); *see also Stein, Hinkle, Dawe & Assocs., Inc. v. Cont'l Cas. Co.*, 110 Mich. App. 410, 418–419, 313 N.W.2d 299 (1981) (same).

"To obtain reformation, a plaintiff must prove a mutual mistake of fact, or mistake on one side and fraud on the other, by clear and convincing evidence. A unilateral mistake is not sufficient to warrant reformation. A mistake in law—a mistake by one side or the other regarding the legal effect of an agreement—is not a basis for reformation." *McPeek v. Allstate Vehicle*, 331 F. Supp. 3d 750, 756

(E.D. Mich. 2018) (quoting *Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 285, 273 Mich. App. 388, 398 (Mich. App. 2006)).

After careful review of the pleadings, Plaintiff has not shown by clear and convincing evidence – nor even alleged – either mutual mistake on both parties or fraud on part of Defendant necessary to establish reformation. As a result, leave to amend the Answer to Defendant's counterclaim would be futile because it would not survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Rose*, 203 F.3d at 420 (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."). As a result, Plaintiff's motion to amend her answer is denied.[3]

b. *Defendant's Motion to Amend the February 23, 2023 Scheduling Order*

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in meeting the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

---

[3] Notwithstanding the Court's ruling on the merits of Plaintiff's motion to amend, the motion is also procedurally deficient as it fails to comply with Local Rule 15.1. *See* LR 15.1 ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion."). No such amended pleading was attached. (*See* ECF No. 14.)

For the reasons that follow, the Court will extend deadlines for both discovery and dispositive motions to allow compliance with this Order.

c. *Plaintiff's Motion to Compel Rule 30(b)(6) Deposition*

An organization that is served with a Rule 30(b)(6) deposition notice is obligated to produce one or more witnesses knowledgeable about the subjects described in the notice and prepare the witness(es) to testify, not simply to his or her own knowledge, but "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "When a corporation produces [a witness] pursuant to a Rule 30(b)(6) notice, it represents that the [witness] has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (citations omitted).

However, a party is not entitled to take a Rule 30(b)(6) deposition. "[R]elying on Rule 26(b)(1), Rule 26(b)(2), and Rule 30(b)(6)," courts may "quash[ ] or limit[ ] Rule 30(b)(6) depositions." *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 122 (E.D. Mich. 2019) (alterations added). When the Rule 30(b)(6) deposition is sought to probe only the opposing party's legal theories and conclusions, rather than factual matters, the deposition is usually unnecessary and may be quashed *via* Rule 26. *See JPMorgan Chase Bank v. Winget*, No. 08-1345, 2016 WL 7242136, at *4 (E.D. Mich. Dec. 15, 2016). A corporation may also

show that the record is fully developed on a topic so that the Rule 30(b)(6) topic is "unreasonably duplicative and cumulative." *See Edwards*, 331 F.R.D. at 121 (citation omitted).

Moreover, all discovery needs to be proportional to the needs of the case. *See Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021) (quoting Fed. R. Civ. P. 26(b)(1)) (noting that Rule 26 only permits discovery "of information 'relevant to any party's claim or defense and proportional to the needs of the case.'").

In May 2023, Plaintiff served a notice of deposition on Defendant, which the Defendant objected to. (*See* ECF No. 19-1.) Plaintiff, in support of her motion, argues that Defendant's witness list names individuals whom they plan to call at trial and Defendant refuses to produce them for deposition as Defendant argues that they can prove fraud on documentary evidence alone. (*See* ECF No. 24 at PageID. 286.) She further argues that she cannot defend herself against Defendant's counterclaim without knowing how Defendant's witnesses will testify at trial. (*See id.* at PageID. 288-89.)

Defendant, in opposition, argues that Plaintiff's motion to compel fails because: (1) the burden and expense of deposing Defendant's corporate representatives outweighs the likely benefit; (2) Plaintiff has not identified any information additional to that which she could have obtained through the

documents already produced in discovery; and (3) Plaintiff has not propounded interrogatories or requests for admissions as a less burdensome means of discovery. (*See* ECF No. 26 at PageID 332.)

Plaintiff's notice of deposition seeks information on twelve topics. (*See* ECF No. 24-2.) However, most notably, Plaintiff has not propounded interrogatories or requests for admissions during discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(i) requires the Court to limit discovery if it can be obtained from some other source that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). In this matter, Plaintiff's moving to conduct a Rule 30(b)(6) deposition on the twelve deposition topics—without seeking request for admissions or interrogatories—is overly burdensome when a more efficient manner, through written discovery, has not yet been pursued. *See Lear Corp. v. NHK Seating of Am. Inc.*, No. 13-12937, 2020 WL 5810053, at *2 (E.D. Mich. Sept. 30, 2020) (denying request to compel deposition as "disproportionate to [Defendant]'s needs" and finding interrogatories are "well suited to provide the requested information.").

As a result, Plaintiff's motion to compel (ECF No. 24) is denied. Further, to allow compliance with its Order, the Court will extend the discovery deadline by sixty (60) days from the date of this Order. Moreover, the deadline for dispositive motions is extended by thirty (30) days thereafter, consistent with this Order.

## III. Order

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend her answer (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel a Rule 30(b)(6) deposition (ECF No. 24) is **DENIED**.

**IT IS FUTHER ORDERED** that Defendant's motion to amend the Court's scheduling order (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the deadline to complete discovery is extended to April 1, 2024.

**IT IS FURTHER ORDERED** that the deadline for dispositive motions is extended to May 3, 2024.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 31, 2024