UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH FERGUSON,

    Plaintiff/Counter-Defendant,

v.

                                       Case No. 22-cv-12772
                                       Honorable Linda V. Parker

METLIFE INVESTORS USA
INSURANCE COMPANY A/K/A
BRIGHTHOUSE LIFE INSURANCE
COMPANY,

    Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER GRANTING DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 30)**

This is a life insurance case where Plaintiff Elizabeth Ferguson brought a breach of contract claim against Metlife Investors USA Insurance Company ("Brighthouse") seeking to recover benefits under a life insurance policy issued to her daughter Ewanda Ferguson (the "Decedent" or "Ms. Ferguson").  (ECF No. 1.) Brighthouse subsequently filed a counterclaim seeking a declaratory judgment confirming the recission of the policy.  (ECF No. 9.)

This matter is before the Court on Brighthouse's Motion for Summary Judgment on both the complaint and its counterclaim.  (ECF No. 30.)  The motion is fully briefed.  The Court does not believe that oral argument will aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to

Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court **GRANTS** Brighthouse's Motion for Summary Judgment on both the breach of contract claim and the declaratory judgment counterclaim.

### I.     BACKGROUND

The life insurance policy at issue is the Yearly Renewable with Guaranteed Premiums Term Life Insurance Policy 211222975US with a face amount of $1,000,000.00 and Issue Date of September 23, 2011 (the "Policy"). The parties agree to the following facts.

In September 2019, the Policy lapsed for nonpayment of premiums. The Decedent sought to have the Policy reinstated by completing a reinstatement application received by Brighthouse on January 16, 2020 (the "Reinstatement Application"). Throughout the entire life of the policy, the Decedent paid Brighthouse approximately $6,244.00 in premium payments. After the lapse in the policy, Decedent paid Brighthouse $903.15 in premium payments, which Brighthouse has since attempted to refund. Plaintiff chose to reject the refund and file this lawsuit.

While the reinstatement application was pending, Ewanda Ferguson died in a tragic motor-vehicle accident on May 28, 2020. Ms. Ferguson is survived by her five children and her mother, Elizabeth Ferguson, the current Plaintiff. The Court

acknowledges this is a deeply tragic event for Ms. Ferguson's family, who have lost their mother and daughter.

Brighthouse agreed to conditionally reinstate the policy after Ms. Ferguson's death, subject to its contestability terms and investigation. Through its investigation, Brighthouse discovered that Decedent had made misrepresentations on her Reinstatement Application. Namely, on the Reinstatement Application Decedent stated she had not received a DUI/DWI conviction or had her license revoked in the past ten years. (ECF No. 30-8 PageID.477.) However, at the time she completed the Reinstatement Application, Decedent had two DUI/DWI convictions and had her license revoked within the preceding two years. (ECF No. 30-16.)

Once Brighthouse was aware of the Decedent's driving record, it exercised its right to rescind the reinstatement of the Policy, consistent with its underwriting guidelines. Brighthouse informed Plaintiff of its decision to rescind the policy and refund the premiums via a letter dated July 21, 2021. (ECF No. 30-2, PageID.415.) Brighthouse's relevant underwriting guidelines dictate that when an applicant has multiple DUI/DWI Offenses (assessed by the most recent DUI/DWI) within one to four years, the application for life insurance or reinstatement of life insurance shall be denied. The Reinstatement Application states in relevant part:

> If any of the statements or information provided in this application for reinstatement are false or incomplete:

3

>a) A claim for benefits under the Policy may be contested for up to two years from the date the Policy was reinstated;
>
>b) The Policy may be rescinded and if so, any amounts paid to reinstate the Policy and any subsequent premiums will be returned, and no benefits will be paid to any Beneficiary[.]

(ECF No. 30-8, PageID.478-479.)  It is uncontested that Brighthouse contested the claim of benefits less than two years from the date the Policy was conditionally reinstated.[1]

## II.  STANDARD AND APPLICABLE LAW

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] The Court notes that Plaintiff states she "does not dispute the facts" as summarized, however, she seemingly contradicts herself by also stating that Defendant "circumvents noncontestibility" by not calculating the time limit for contestability from  date of the original policy inception.  (ECF No. 32, PageID.614-615.)  The Court reads Plaintiff's briefing to mean she does not contest the facts but instead argues that, as a matter of law, Defendant's deadline for contestability began to run at the policy inception date in 2011.  That argument and the issue of the pre-reinstatement premiums is discussed below.  *See* Section III.C.  To the extent that Plaintiff seeks to raise a factual dispute as to the date Brighthouse contested the reinstated policy, the Court finds this argument waived as her argument was raised "in a perfunctory manner, unaccompanied by some effort at developed argumentation[.]" *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (quoting *Indeck Energy Servs. v. Consumers Energy*, 250 F.3d 972, 979 (6th Cir.2000)).

242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

The parties appear to agree that Michigan substantive law applies to this case, which is before the Court on diversity jurisdiction. (ECF No. 30, 32.) Consequently, the Court applies Michigan substantive law. *See Cudney v. Sears, Roebuck & Co.*, 21 F. App'x 424 (6th Cir. 2001).

**III. ANALYSIS**

Brighthouse seeks summary judgment on the basis that it properly rescinded the Policy, barring Plaintiff's breach of contract claim. It further seeks a declaratory judgment confirming that the policy was properly rescinded. In response, Plaintiff argues that summary judgment is inappropriate as the Court

5

must balance the equities before granting or denying a request for rescission. Brighthouse counters that this action sounds in contract, not equity.

> Under Michigan law, which the parties agree is applicable here, an insurer who seeks to have a policy voided on the basis of misrepresentation must prove (1) that a misrepresentation was in fact made, (2) that the insurer relied on it, and (3) that the misrepresentation was material to the risk the insurer accepted.

*United of Omaha Life Ins. Co. v. Rex Roto Corp.*, 126 F.3d 785, 787 (6th Cir. 1997) (citing *Auto-Owners Ins. Co. v. Michigan Com'r of Ins.*, 369 N.W.2d 896, 899 n.2 (Mich. Ct. App. 1985)).

It is the "well-settled law of [Michigan] that where an insured makes a material misrepresentation in the application for insurance[,] . . . the insurer is entitled to rescind the policy and declare it void ab initio." *Peatross v. Liberty Mut. Pers. Ins. Co.*, 575 F. Supp. 3d 887, 891 (E.D. Mich. 2021) (quoting *Lake States Ins. Co. v. Wilson,* 586 N.W.2d 113, 115 (Mich. Ct. App. 1998) (alteration in original)).

### A. Material Misrepresentation

The relevant statutory law in this matter is Mich. Comp. Laws § 500.2218 which provides in pertinent part:

> (1) No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless the misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make the contract.

> (2) A representation is a statement as to past or present fact, made to the insurer by or by the authority of the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof. A misrepresentation is a false representation, and the facts misrepresented are those facts which make the representation false.

*See Oade v Jackson Nat'l Life Ins. Co. of Mich.*, 632 N.W.2d 126, 129 (Mich. 2001) (adopting the Mich. Comp. Laws § 500.2218 materiality standard for life insurance).

Here, there is no dispute that a misrepresentation was made, Brighthouse relied on it in issuing the Policy, and that it was material. Namely, if Brighthouse had been aware of the Decedent's driving record, it would not have issued the policy. Furthermore, there is no dispute that there was a contract provision in the Reinstatement Application which allowed for recission in the case of a materially false statement. The sole remaining issue is if the Court must balance the equities before granting recission and, if so, whether the equities favor Plaintiff.

### B. Balancing the Equities

The primary case cited by Plaintiff for the proposition that the Court must balance the equities before granting recission when an innocent third party is present is *Bazzi v. Sentinel Ins. Co.*, 919 N.W.2d 20 (Mich. 2018). At the outset, it is important to note that *Bazzi* and its progeny primarily deal with automobile insurance, to which both the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, *et seq*. and the common law apply. *Bazzi* must be read in the context of

7

the No-Fault Act, the basic purpose of which "is to ensure the compensation of persons injured in automobile accidents." *Miclea v. Cherokee Ins. Co.*, 963 N.W.2d 665, 667 (Mich. Ct. App. 2020) (citing *Hill v. Aetna Life & Cas. Co.*, 263 N.W.2d 27, 29 (1977)).

In contrast, there is no statutory scheme mandating universal life insurance in Michigan. Furthermore, the Court is unaware of, and neither party has cited, a Michigan case which applies either the innocent third party rule or the balancing of the equities test to the recission of a life insurance policy, before or after *Bazzi*.

Even in the context of optional automotive insurance, an insurance contract may be rescinded based on a violation of an antifraud provision without balancing the equities, even where there is an innocent third party present. *Howard v. LM Gen. Ins. Co.*, 5 N.W.3d 46 (Mich. Ct. App. 2023) (holding that uninsured motorist coverage may be rescinded on the basis of an antifraud policy provision). In the context of uninsured motorist coverage, the Michigan Court of Appeals has stated:

> [i]n other words, with optional coverage, the balancing of the equities test does not apply and if an insured made a misrepresentation, the insurer is entitled to rescind the policy provided that the misrepresentation was material. If the misrepresentation was not material to the coverage in question and would not have resulted in the policy not being issued, then rescission is not available.

*Twiddy v. Falls Lake Nat'l Ins. Co.*, No. 368779, 2024 WL 5132499 at *4 (Mich. Ct. App. Dec. 16, 2024).

8

Furthermore, the Michigan Court of Appeals has clarified that an individual not entitled to coverage on the basis of the policy or statute is not entitled to the benefits of the balancing of the equities test. *Doa Doa, Inc. v. PrimeOne Ins. Co.*, No. 356877, 2022 WL 1508959 at *7 (Mich. Ct. App. May 12, 2022). This is because a court may not "disregard the terms of an insurance policy and require an insurer to pay benefits to a party it did not agree to insure and who has no statutory right to benefits." *Id.* This reasoning applies to the instant case, even though Plaintiff is a named beneficiary. Plaintiff is not an insured under the policy and her sole right to payment thereunder flows from Ms. Ferguson's status as an insured.

As with uninsured motorist coverage, life insurance is optional and the rationales in favor of the balancing the equities test apply with less force in the absence of a statutory scheme mandating coverage. As the reasoning of *Howard* and *Twiddy* squarely applies, the policy may be rescinded based on the contract terms, without looking to the no-fault act or common law, as would be the case with mandatory personal protection insurance.

Furthermore, *Bazzi*'s inapplicability to the instant case is supported by the factors adopted to balance the equities, which are:

> (1) whether the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) whether the relationship between the fraudulent insured and the innocent third party suggests the third party had knowledge of the fraud; (3) whether the innocent third party's conduct played a role in the injury-causing event; (4) whether the third party has an alternate avenue for recovery if the insurance policy is rescinded; and

9

>   (5) whether policy enforcement only relieves the insured of what would otherwise be the insured's personal liability to the innocent third party.

*Mullen v. Progressive Marathon Ins. Co.*, No. 350015, 2020 WL 6231720 at *4 (Mich. Ct. App. Oct. 22, 2020).

These factors presume an injury causing event for which the innocent third party would require recovery. Here, in the absence of a life insurance policy, there is no one who is liable to Plaintiff because of Ms. Ferguson's death. Although Plaintiff has suffered an injury in the broadest sense of the word, it was not a legal injury for which she could seek recovery. Consequently, the factors are largely inapplicable to the present circumstances.

Additionally, rescission is appropriate because it was permitted by the terms of the policy. *See Peatross*, 575 F. Supp. 3d at 897. "[I]nsurance policies are subject to the same contract construction principles that apply to any other species of contract." *Rory v. Cont'l Ins. Co.*, 703 N.W.2d 23, 26 (2005). "[U]nless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Id*. Further, a court is not to "modify unambiguous contracts or rebalance the contractual equities struck by the contracting parties[.]" *Id*. The court gives contractual language "its ordinary and plain meaning." *Royal Prop. Grp., LLC v. Prime Ins. Syndicate, Inc.*, 706 N.W.2d 426, 432 (Mich. Ct. App. 2005).

Here, the Policy included an unambiguous clause which permitted recission in the case of a misrepresentation and this provision is not prohibited by statute. (ECF No. 30-8, PageID.478-479.) As previously discussed, there is no dispute that the materiality requirement of Mich. Comp. Laws § 500.2218 was also met. Consequently, Brighthouse is entitled to rescind the Policy based on the material misrepresentation, relied on by Brighthouse, and the policy is consequently void ab initio. *See Peatross*, 575 F. Supp. 3d at 897.

### C. Refund of Premiums

The sole remaining issue is if Plaintiff is entitled to the refund of premiums paid from the inception date of the Policy until the lapse. Plaintiff argues that failure to refund the nine years' worth of premiums is impermissible because it violates Michigan's non-contestability law and policy language. (ECF No. 32, PageID.614.)

However, this argument is belied by the plain language of the Reinstatement Application which states that the Policy may be rescinded within two years of the Reinstatement Application and that in the event of rescission, "any amounts paid to reinstate the Policy and any **subsequent** premiums will be returned[.]" (ECF No. 30-8, PageID.478-479 (emphasis added).) Furthermore, as Brighthouse points out, after the lapse there was no coverage due to Plaintiff and consequently, no premiums would be due to be returned in the present circumstances. (ECF No. 34,

PageID.648.) Plaintiff is consequently only entitled to the refund of the post-reinstatement payments.

As there are no material facts in dispute, and no reasonable jury could find for Plaintiff, Brighthouse is entitled to summary judgment and a declaratory judgment confirming the recission of the Policy.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the insurance policy in question is rescinded.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** and a Judgment in favor of Defendant will be entered contemporaneously herewith. This is a final order which closes this case.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 24, 2025